UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMES O. HILFIKER and <br> H. MAX HILFIKER, <br><br> Plaintiffs, <br><br> vs. <br><br> SOUTHEASTERN BOLL WEEVIL <br> ERADICATION FOUNDATION, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:09CV149 SNLJ <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand (#10), filed December 9, 2009. Defendant filed a response (#12) on December 10, 2009. Plaintiffs have not filed a reply.

This cause of action was originally filed on September 15, 2009, in the Circuit Court of Dunklin County, Missouri, and was subsequently removed by defendant to this court on October 16, 2009 pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446. Defendant asserted in the notice of removal that it was incorrectly listed as a resident citizen of Missouri, and was in fact a non-profit corporation organized under the laws of Alabama with it principal place of business in Tallassee, Alabama. Plaintiffs had alleged $45,000 in actual damages and $135,000 in punitive damages, easily satisfying the $75,000 requirement for diversity jurisdiction.

In plaintiffs' motion to remand, plaintiffs assert that they have amended their petition to drop the claim for punitive damages, leaving only $45,000 in actual damages plus court costs, which would fail to meet the $75,000 amount for diversity jurisdiction. Plaintiffs argue that this amendment to their request for damages is sufficient to preclude diversity jurisdiction. The Court disagrees.

It is settled in the Eighth Circuit that a plaintiff's attempt to lower the prayer for damages solely to avoid diversity jurisdiction will not be successful. *See Core v. Southwestern Bell Telephone Co.*, 847 F.2d 497 (8th Cir. 1988) (Plaintiffs not entitled to remand diversity trespass action to state court after amount of damages was amended to under the jurisdictional amount). Furthermore, it is well established that the jurisdiction of federal court is determined at the time of removal from state court, and not pursuant to an amended petition after the removal. *Colorado Life Co. v. Steele*, 95 F.2d 535, 537 (8th Cir. 1938). This Court sees no reason why this case should not remain within its jurisdiction. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (#10) is **DENIED**.

Dated this   23rd   day of December, 2009.

_____
UNITED STATES DISTRICT JUDGE